United States District Court
Southern District of Texas

**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FRANKLIN BENJAMIN REYES,, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-00344 |
| KRISTI NOEM, *et al.*, | § | |
| "Respondents." | § | |
| | § | |

## ORDER

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus" ("Petition") (Dkt. No. 1), "Ex Parte Emergency Motion by Franklin Benjamin Reyes" (Dkt. No. 2) ("TRO"), and "Petitioner's Motion for Leave to Serve Document Request" ("Discovery Request") (Dkt. No. 10). For these reasons, Petitioner's Petition and TRO are **GRANTED in part**, and Petitioner's Discovery Request is **GRANTED**.

### I.    BACKGROUND

Petitioner is an El Salvadorian native who entered the United States in 1990. (Dkt. No. 1 at 3). In 1995, Petitioner was sentenced to 30 years to life in prison for murder and was granted parole in 2022. *Id.* Upon release from federal detention, Petitioner was transferred to immigration detention. *Id.* While in immigration detention, Petitioner received paperwork from officials alleging that he was a member of MS-13. *Id.* at 4. Because of this false accusation and Petitioner's fear of his co-defendant, against whom he had testified in 1995, Petitioner applied for protection from deportation to El Salvador. *Id.* On June 7, 2024, an Immigration Judge found that Petitioner was inadmissible and ordered him removed to El Salvador and simultaneously granted him deferral of removal under the Convention Against Torture. *Id.*

Petitioner was released from immigration detention and placed on an order of supervision in October 2024. *Id.* On November 13, 2025, Petitioner was arrested by ICE officers. *Id.* at 5. When Petitioner was re-detained, he was given a Notice of Removal to Mexico and received another identical notice a few weeks later. *Id.* Petitioner has no legal immigration status nor ties to Mexico and fears persecution in Mexico. *Id.* Petitioner also fears that Mexico will re-deport him to El Salvador. *Id.*

On December 11, 2025, Petitioner had a reasonable fear interview and was given a negative fear decision soon after. *Id.* Consequently, Petitioner requested that an Immigration Judge review the negative fear determination before Respondents remove Petitioner to Mexico. *Id.* Respondents do not believe such review is warranted. (Dkt. No. 2 at 2). Petitioner remains detained by Respondents in the Port Isabel Processing Center, in Los Fresnos, Texas. *Id.*

## II.   DISCUSSION

### A.   <u>JURISDICTION</u>

The Court has an independent obligation to examine its subject-matter jurisdiction and may not proceed where jurisdiction is lacking. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Respondents argue that the Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252. Respondents contend that § 1252(g) eliminates district court jurisdiction over the relief requested because it is related to the execution of a final removal order. (Dkt. 8 at 3–4). Respondents also argue that § 1252(b)(9) and (a)(5) divest the Court of jurisdiction to hear Petitioner's claims, leaving that power with the court of appeals in a petition for review. *Id.* at 3. The Court disagrees.

The Fifth Circuit "has long recognized that [§ 1252(g)] is designed to protect the discretionary decisions of immigration authorities in matters related to removal and deportation." *Duarte v. Mayorkas*, 27 F.4th 1044, 1055 (5th Cir. 2022) (citing *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999). The distinction between claims that are linked to a removal order and those that are not depends on the relief that a petitioner seeks. *See Duarte*, 27 F.4th at 1055.

Here, Petitioner does not challenge the decision to remove him or the validity of his final removal order. Rather, Petitioner challenges the process afforded after the Government made those discretionary decisions. The requested relief would not invalidate the removal order or review the Government's discretionary choice of "whether and when" to remove him. *See id.* Thus, Section 1252(g) cannot bar the Court's review.

Section 1252(a)(5) and (b)(9) likewise do not apply. The Supreme Court has stated that where a Petitioner is not "asking for review of an order of removal" "challenging the decision to detain them in the first place or seek removal" or "challenging any part of the process by which

their removability will be determined," § 1252(b)(9) is not a jurisdictional bar. *Nielsen v. Preap*, 586 U.S. 392, 402, 139 S.Ct. 954, 203 L.Ed.2d 333 (2019).

Here, Petitioner does not seek review of a final order of removal. Nor does he challenge the process by which removability was determined. Thus, §1252 does not strip this Court of jurisdiction.

### B.  HABEAS CORPUS

Detention following a final order of removal is governed by 8 U.S.C. § 1231. Detention under § 1231 is authorized only to enforce removal and must bear a reasonable relation to that purpose. *See* Jackson v. Indiana, 406 US. 715, 738 (1972). Once the 90-day removal period expires, continued detention is permissible only where there is a significant likelihood of lawful removal in the reasonably foreseeable future. *See* Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Where removal cannot lawfully be executed, 8 U.S.C. § 1231(a)(3) requires release under supervision rather than continued detention.

Here, Petitioner's removal period expired long ago. (Dkt. No. 1 at 4). Respondents were unable to remove him during that period and released him on an Order of Supervision in October 2024, which Petitioner complied with for more than a year. *Id.* Accordingly, Respondents' continued detention authority depends on whether detention still serves § 1231's purpose of enforcing a lawful removal. It does not.

First, if a noncitizen is granted deferral of removal, "DHS may not remove the alien to the country designated in the removal order unless the order of [deferral] is terminated." *See* Johnson v. Guzman Chavez, 594 U.S. 523, 531 (2021). An Immigration Judge has determined that Petitioner is more likely than not to be tortured if returned to El Salvador and granted him deferral of removal under the Convention Against Torture. (Dkt. No. 1 at 4). Petitioner's deferral has not been terminated.

Second, Respondents' reliance on third-country removal does not establish a significant likelihood of lawful removal in the reasonably foreseeable future. After re-detention, Petitioner asserted a fear of removal to the proposed third country. *Id.* at 5. An asylum officer conducted a fear interview and issued a negative determination, which Petitioner has contested and is seeking further review of. *Id.*

Considering these facts, the Court finds that there is too much speculation to determine that there is a "significant likelihood of lawful removal in the foreseeable future." Thus, continued detention is not permissible.

## C. __TEMPORARY RESTRAINING ORDER__

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the temporary restraining order will not disserve the public interest. Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C., 710 F.3d 579, 582 (5th Cir. 2013).

### i.  Substantial Likelihood of Success on the Merits

"[A]liens who have established connections in this country" have greater due process rights than "an alien at the threshold of initial entry. *See* Department of Homeland Security v. Thuraissigiam, 591 U.S. 103, 107 (2020). Here, Petitioner has resided in the United States since 1990 and therefore possesses significantly greater due process protections than a noncitizen at the threshold of entry. (Dkt. No. 1 at 3). Thus, the Court finds that Petitioner has established a likelihood of success on the merits of his due process claim.

### ii.  Substantial Threat of Imminent and Irreparable Harm

"Deportation to a country where one's life would be threatened obviously would result in irreparable injury." Nunez v. Boldin, 537 F. Supp. 578, 587 (S.D. Tex. 1982).

Here, Petitioner has expressed fear that he would be removed to El Salvador once he is removed to Mexico, where an immigration judge has granted him deferral of removal under the Convention Against Torture. (Dkt. 1 at 4, 6). Petitioner also argues that if removed to Mexico, he will not have legal status. *Id.* at 6.  Petitioner has also expressed that his removal to Mexico is imminent. (Dkt. No. 2 at 2).

The Court agrees that the removal of Petitioner to a country in which he may face refoulment to El Salvador constitutes a significant risk of irreparable harm. Additionally, the Court recognizes that once removed to Mexico, this Court may lack jurisdiction to order nonrefoulment to El Salvador. The Court also recognizes that Petitioner's removal to Mexico is imminent.

Thus, the Court finds that Petitioner has established a substantial threat of imminent and irreparable harm.

### iii.  Balance of the Hardships and the Public Interest

Petitioner argues that the balance of equities and public interest tilt sharply in favor of the issuance of a TRO because "the public has a significant stake in the Government's compliance with the law." (Dkt. 2 at 8) (citing League of Women Voters v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). Petitioner also argues that the burden on the government is minimal, as it will likely result in an additional ten days of detention if the government applies the analogous Reasonable Fear Interview referral regulations. *See* 8 C.F.R. § 1208.31(g).

The Court agrees with the Petitioner. Thus, the Court finds granting the TRO requested in the public interest.

### D.  <u>DISCOVERY</u>

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause. Good cause may be found when a petition for habeas corpus relief establishes a prima facie claim for relief." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (internal citations omitted).

The Court finds that Petitioner has established a prima facie claim for relief for the reasons stated above. Also, Petitioner seeks leave to serve only one single document request on Respondents, making the requested discovery limited in scope. (Dkt. No. 10 at 1). Accordingly, the Court finds good cause to grant the limited targeted discovery.

### III.  CONCLUSION

For these reasons, Petitioner's Petition (Dkt. No. 1) is **GRANTED in part**. Respondents are **ORDERED** to restore Petitioner's Order of Supervision and release him from custody. Petitioner's Petition is **DENIED in part** with respect to any other requested relief.

Petitioner's TRO (Dkt. No. 2) is also **GRANTED in part.** Respondents are enjoined from removing Petitioner from the continental United States until the expiration of the

Temporary Restraining Order. It is therefore **ORDERED** that Respondents are enjoined from transferring, relocating, or removing Petitioner to Mexico or any other country for which Petitioner has stated a fear of being removed. This Temporary Restraining Order shall expire at **5:00 p.m. CST on Wednesday, April 2, 2026**, or by Order of the Court. Petitioner's TRO is **DENIED in part** with respect to any other requested relief.

Additionally, Petitioner's Discovery Request (Dkt. No. 10) is **GRANTED.**

Signed on this 19th day of March 2026.

Hon. Rolando Olvera
United States District Judge